MAY TERM.
1842.

MILLINGTON and others v. MILLINGTON and others.

---

Millington
and others v.
Millington
and others.

In proceedings under the act concerning partition of land, the interests of all the claimants of the land should be set forth and proved.

Error to St. Charles Circuit Court.

CUNNINGHAM for Plaintiffs.

COALTER for Defendants.

*Opinion of the Court delivered by Tompkins, Judge.*

In the month of August, 1834, Seth Millington died possessed of certain lands and lots in the county of St. Charles, leaving no children, but several brothers and one sister, and their descendants, and also a father; some resident in Missouri, and others non-residents. At the May term of the circuit court for St. Charles county, in the year 1841. Seth Millington, the present defendant in error, and others, claiming in the right of Ira Millington, their father, deceased, a brother of the deceased Seth Millington, filed their petition, praying a division of the lands, &c. of the dec'd Seth Millington. At the November term, for the year 1841, that court made an order directing a partition of the estate, and assigning to each heir and representative his portion, and Jeremiah Millington, brother and one of the representatives of the deceased, being dissatisfied with the share allotted to him, prosecutes this writ of error, to reverse the judgment of the circuit court rendered in the cause. The land which the petitioners wish to divide is thus described :

1st. A tract of land lying in the county of St. Charles, Missouri, in what is called the "Prairie Haute," near the town of St. Charles, containing two hundred and thirty arpens, being five and three-fourths arpens in width, and forty arpens in depth, conveyed by Louis Tayon and wife, to Seth Millington by deed, &c., and described in said deed as bounded on the east and north by lands of Isadore Savage, and on the west and south-west by lands originally granted to Fran-

MAY TERM.
1842.

Millington
and others v.
Millington
and others.

cois Socier, and on each end by vacant lands, otherwise commons, belonging to the town of St. Charles.

2nd. A tract of land adjoining the former, of ten arpens or five in length by two in width, conveyed by Daniel Colgan to Seth Millington by deed, &c., and described in said deed as being near the town of St. Charles, and bounded on the end next the town by the commons or vacant land, on the northwardly side by land of the said Millington, on the west by land of Peter Glenday, on the south by land owned perhaps by one Selby.

Jeremiah Millington, the plaintiff in error, not content with the order of the court, which gives him only the part he is entitled to in his right of heir or legal representative of the deceased, produces, as evidence of his right to a greater quantity of the land, two certificates of the recorder of land titles under an act of congress making further provision for settling the claims to lands in the territory of Missouri.

The first of these certificates is in the words following, to wit : "The claim of Seth and Jeremiah Millington under Charles Tayon, to a lot lying and being in St. Charles common field, containing one arpen front by forty arpens in depth, bounded east by Tayon, under Hebert; west by Charles Tayon ; south, by the commons, or domain, and north, by public land, has been duly confirmed."

The second certificate is in these words : "The claim of Seth and Jeremiah Millington, under Charles Tayon, to a lot lying and being in St. Charles common field, containing one arpen front by forty arpens in depth; bounded east by Charles Tayon ; west, by Charles Tayon, under Hebert; south, by the commons, and north by public land, has been confirmed, &c."

Both certificates are dated 26th May, 1825. Some evidence was given to prove that Seth Millington in his lifetime admitted the claim of Jeremiah Millington, the plaintiff in error, to a right in the two forty arpen lots confirmed by the recorder of land titles.

But no evidence was given to prove that these two forty arpen lots were part of either of the tracts of land, the par-

In proceedings under the act concern-

MAY TERM. 1842.

Millington and others v. Millington and others.

ing partition of land, the interests of all the claimants of the land should be set forth and proved.

tition of which had been ordered by the circuit court. That court would necessarily require the petitioners to show some evidence of title to the land which they prayed to be divided, and accordingly they produced a deed for the tract first described from Louis Tayon and wife to the deceased, and this deed recites that this land had been conveyed by Charles Tayon by deed of gift to Benoit and wife, and by said Benoit and wife to Louis Tayon from whom the deceased claimed title. It is in evidence then that the title to the two forty arpens lots was derived to Seth and Jeremiah Millington from Charles Tayon, and for any thing here proved, it might have proceeded directly from Charles Tayon to them; whereas, the title to the first described tract of land is derived to Seth Millington, deceased, from Charles Tayon through Benoit and wife, and Louis Tayon and wife. The reasonable presumption, then, is from the evidence before us, that the two forty arpen lots form no part of the tract first above described. Because we cannot presume either that Millingtons would purchase, or that Charles Tayon would sell to them what he had before granted to Benoit and wife. These presumptions necessarily arise from the fact, that the forty arpen lots are not proved to be a part of the first above described tract of land. The second tract consists of ten arpens only, and therefore Jeremiah Millington's claim could not be a part of that tract.

It not being made to appear to this court that the land claimed by Jeremiah Millington as confirmed to him and the late Seth Millington, constitutes any part of the tract of land purchased by the deceased from Louis Tayon, the judgment of the circuit court must be affirmed, and the cause is remanded.